Mr. Justice James
delivered the opinion of the Court:
This action is brought by husband and wife for injuries to the wife, caused by the negligence of the defendant.
The declaration states that the latter was, on September 10, 1885, owner of the “ Columbian Law Buildiug ” on, Fifth street in Washington, and negligently permitted a certain stone step and pieces of slate to so obstruct the entrance to the basement of said building that the plaintiff Louisa necessarily slipped and fell over the said step while lawfully passing into the said entrance, by means whereof her left wrist was fractured and permanently disabled.
*271 The question raised at the argument requires a statement ■of the substance of the testimony. After proof by a surgeon of the nature of the injuries suffered by the plaintiff, one Keese testified that he occupied, at the time of the accident, an office in said basement; that some repairs of the street in front of the building had then been recently made, and the grade of the sidewalk had been lowered about the thickness of one step, so that, in order to get into the basement, a person would have to step up one step and then down three steps into the basement; that under this first step, thus left higher than the grade of the pavement, pieces of slate and brick were placed to keep it level and steady; that these pieces of slate j utted out in rugged points and edges; that he had told both the janitor and the agent of the building that this step was dangerous and ought to be removed ; that, at about 11 o’clock on the morning of the accident, he saw Mrs. Allis pass his office window, with a market basket on her arm; that a moment afterwards on going to his door, his attention being attracted by a scream, he found her lying on the floor outside ; that, in consequence of what she told him as to the cause of her falling, he examined the edge of her dress in front, and found a fresh tear there- near the edge. He further testified that Mrs. Allis had been to his office on several occasions before, while the step was in the condition described.
One Richards described the construction of the step in the same way, adding that he noticed that it was laid upon a brick foundation, between which and the step some pieces of slate jutted out.
The plaintiff, Mrs. Allis, testified that on the morning of the 10th of September, 1885, she had occasion to call upon Mr. Keese, at his office in the Columbian Law Building, on business connected with a pension claim of her husband; that “as she stepped over she saw the stone step, and she. felt something catch her dress, and this catching of the *272 dress tripped her and she fell;” that she had been to Mr.. Keese’s office before while the street was being repaired, but at that time there was a plank platform from the step to-the sidewalk before the pavement was laid ; that she examined her dress after the accident, and found that it was torn on the front edge. “ It was a new dress; one which she had put on that day.”
The evidence on the part of the defendant tended merely to deny Keese’s statement that he had complained of the entrance step as dangerous.
The foregoing was all the evidence given the cause.
Thereupon the plaintiffs requested the court to charge the jury as follows:
“ The jury are instructed that the defendant is responsible for the safe condition of the steps fronting the entrance to the premises in question, and if they believe that the said steps were not in a safe condition, and that the plaintiff, Louisa Allis, was injured while attempting to enter said premises by reason of the unsafe condition of said steps, she is entitled to a verdict for such a sum as shall compensate her for the injury she has sustained; and in estimating the damages they should consider the age and. situation of the plaintiff, her bodily injury, the pain and suffering undergone by her in consequence of the injury, and the extent of the personal inconvenience which she must experience during the remainder of her life, if they believe the injury to be permanent in its effect, and if not permanent, then for such length of time as the jury may believe she will suffer from the effects of said injury.”
The court refused to so instruct the jury, except with the following modification: “Provided they believe the plaintiff" exercised such a degree of care and caution as under the circumstances should reasonably be expected of her;” and to this modification the plaintiffs excepted.
Thereupon the following instructions, asked by the defendant, were granted by the court, and were excepted to ■ by the'plaintiffs:
*273 1. “ If the jury believe from the evidence that it was not an act of negligence on the part of the defendant in permitting said steps to remain after the sidewalk was lowered, the plaintiffs are not entitled to recover.
2. “ If the jury believe from the evidence that the defendant was guilty of negligence in allowing said step to remain projecting above the sidewalk, yet, notwithstanding such belief, if they further believe that the plaintiff, Louisa Allis, in attempting to pass over the same, at the time of the accident, did not exercise ordinary and reasonable care, then the plaintiffs are not entitled to recover: Provided, such want of care on her part occasioned or directly contributed to the accident.
3. “ If the jury believe from the evidence that the defendant and the plaintiff, Louisa Allis, were both guilty of negligence; the defendant in allowing said step to remain projecting above the sidewalk, and said Louisa Allis in attempting to pass over the same without exercising ordinary and reasonable care, then the plaintiffs are not entitled to recover: Provided, such want of care on her part occasioned or directly contributed to the accident.
4. “ If, on the occasion of the accident to the plaintiff; Louisa Allis, she was guilty of negligence directly contributing to the injury she sustained, then the plaintiffs are not entitled to recover.
5. “ If the plaintiff, Louisa Allis, by the exercise of ordinary and reasonable care on her part, could have avoided falling over said step and failed to exercise such care, then the plaintiffs are not entitled to recover.
6. “ If the plaintiff, Louisa Allis, at the time of entering said area, or by means of ordinary care and prudence could have seen said step projecting above the sidewalk, it w'as incumbent upon her to use all the additional precautions on her part which a person of ordinary prudence would use, in view of the circumstances; and if she did not do so, the plaintiffs are not entitled to recover: Provided, such *274 want of care on her part occasioned or directly contributed to the accident.”
The court further said in its general charge to the jury:
“ If you reach the conclusion that it was a dangerous, unsafe, and insecure place, that it was not reasonable care and prudence for the defendant to leave these premises as they were, then you will pass to the next question; that is : was the plaintiff herself careless ? was she imprudent ? and if so, did her own carelessness, imprudence, and heedlessness, bring about or directly contribute to the accident — to bring it about? If so, then she cannot recover, even though the place was dangerous.” •
To this part of the charge the plaintiffs excepted. The jury found a verdict for the defendant, and thereupon the plaintiffs moved for a new trial, upon the grounds, among others, that the verdict was contrary to the evidence and to the weight of the evidence, and afterwards upon bills of exception.
The ground on which the motion for a new trial was urged at the argument was, that the court erred in directing the jury to consider at all the question whether the plaintiff, Mrs. Allis contributed to her injury by her own negligence ; that is, by her negligent manner of passing over the step in question. It was insisted that there was absolutely no evidence on that subject.
It is true, no witness saw her enter, and no one described in terms her action in doing so; and, if evidence of negligence must consist of such description, it would then be true that there was no evidence on that subject. But we think that the record contains evidence of facts from which her action in passing over the upper step of the entrance might be inferred by the jury, and that the jury might find that such mode of acting, thus proven by inference, constituted negligence on her part. We refer to the direct evidence that the front edge of her gown was torn in connection with her falling, and that this happened by means of *275 its being caught in some way during the very act of passing over the step in question, whereby the plaintiff was tripped and thrown down. We shall point out presently "the further fact which the jury had a right to find proven by inference from this directly proven fact.
The 'plaintiff’s theory at the argument was, that her gown must have caught upon the jagged edges of the slates which projected toward her along the lower side of the steps and between the step and the brick foundation on which it rested, and that the accident was thus caused by defective construction. It may be observed, in the first place, that there was no evidence that the plaintiff’s gown did in fact catch upon these projections. There was no evidence as to their particular form, or that they projected so far that they must have, or would naturally have that ■effect. On such' evidence we think it would be only by surmise, and not by such legitimate inference as amounts to a proven fact, that the jury could conclude that the catching was caused by these projections. Again, as the direct evidence was to the effect that the plaintiff’s falling was caused by a catching of her gown, the jury had no right to attribute it to any defect of construction which had no tendency to produce such catching; they were limited to the consideration of defects which had that tendency. And as there was no evidence of any other such fault of the defendant than the projections of slate, the jury were limited to the consideration of that particular fault, and of the way in which it could operate. It is just here that the question arises whether they had a right to infer the further fact to which we have referred.
On the evidence of common observation and experience the jury had aright to find by inference the further fact that the plaintiff’s gown could not catch in the act of mounting upon that step as the plaintiff herself stated, if she lifted her skirt as she so stepped up; that therefore she did not so lift it, and that her omission to do so constitued *276 negligence of a common and reasonable precaution. In a word there was evidence on which the jury might find contributory negligence, in case they believed the defendant’s negligence was the cause of the injury, and it was not error to allow them to consider that question.
It is proper to add that, in making out a case of contributory negligence on the part of a plaintiff, for which purpose the defendant may use evidence -offered by the plaintiff — Indianapolis Railroad vs. Horst, 93 U. S., 298— the defendant has the same right to rely upon circumstantial evidence and upon legitimate deductions from the facts-directly proven, that he would have in establishing any other ultimate fact; and that the jury have a right to find such deductions as facts when the facts directly proven tend, according to the evidence of common observation and experience, to prove the deduction. It was on this principle-that the jury had a right to determine that the plaintiff, Mrs. Allis, had omitted to use the precaution of lifting the skirt of her gown while stepping up on to the defendant’s-door-step, and that this omission contributed to her injury, even if they found that it was partly caused by defects in the construction of that step.
One of the grounds of the motion for a new trial requires-us further to- decide upon the weight of the evidence. We are compelled to Say that we concur in the conclusion of the jury. We think the weight of evidence is to the effect that the plaintiff omitted to lift the front of her skirt in passing over the entrance step of the defendant’s building; that such omission constituted negligence, and that this negligence caused or at any rate contributed to her injury.

The motion for anew trial is therefore denied.